**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2743

_____

UNITED STATES OF AMERICA

v.

KENNETH MORELAND,
                                                                Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-11-cr-00618-001)
District Judge: Honorable Cynthia M. Rufe

_____

Submitted Under Third Circuit L.A.R. 34.1(a):
September 5, 2024

_____

Before: JORDAN, HARDIMAN, and PORTER
*Circuit Judges*.

(Filed: September 6, 2024)
_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PORTER, *Circuit Judge.*

The District Court sentenced Kenneth Moreland to 240 months' imprisonment for his participation in a robbery. Moreland argues that the District Court imposed an unreasonable sentence and violated his due process rights by excluding evidence from his mitigation specialist. For the reasons that follow, we will affirm.

I

In 2010, Moreland recruited multiple men to rob his former employer, Ernest Manna. Moreland drove the men to Manna's house and told them where to find Manna's cash and valuables. When they arrived, the men entered a side door to an apartment occupied by Manna's son and his pregnant girlfriend. The men bound the couple with duct tape and pointed a loaded shotgun at them, ultimately stealing $1,200 and other property.

Moreland was convicted of conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a); attempting and aiding and abetting Hobbs Act robbery, 18 U.S.C. §§ 2, 1951(a); and using, carrying, and aiding and abetting the use and carry of a firearm during and in relation to a crime of violence, 18 U.S.C. §§ 2, 924(c)(1). The District Court sentenced Moreland to 300 months' imprisonment—240 months for the robbery convictions and 60 months for the firearm-related conviction. We affirmed the District Court's judgment. *United States v. Moreland*, 574 F. App'x 89 (3d Cir. 2014) (non-precedential). However, years later, Moreland moved to vacate his firearm-related conviction due to an intervening change in law. *See United States v. Taylor*, 596 U.S. 845, 852 (2022) (holding that attempted Hobbs Act robbery does not qualify as a "crime

2

of violence" under § 924(c)). The District Court granted the motion and ordered resentencing on his robbery convictions.

Prior to sentencing, Moreland's mitigation specialist submitted a report requesting leniency in Moreland's sentence. Her report significantly relied on her opinion that Moreland suffered from attention deficit hyperactivity disorder ("ADHD"), which purportedly led to his criminal behavior. On request from the government, the District Court declined to consider any of the report and did not permit the mitigation specialist to testify because she lacked the education and training to render an opinion about ADHD and failed to offer any evidence confirming Moreland's alleged diagnosis.

The U.S. Probation Office calculated a guidelines range of 168 to 210 months' imprisonment for Moreland's robbery convictions. However, the District Court determined that 240 months' imprisonment was "still" a "good sentence[]," without mentioning the guidelines range. App. 140. It explained that Moreland's crime was "horrific," he did not demonstrate that he was rehabilitated, and he "showed . . . what type of characteristics he possessed." App. 140–41. It further stated that Moreland was a "very dangerous person" from whom "the public[] [must be] protected . . . for still a while longer." App. 142. Near the end of sentencing, the District Court questioned whether its sentence was within the guidelines range. The government informed the District Court that the top of the range was "210 [months] as recalculated." *Id.* So the District Court correctly stated that its sentence therefore "var[ied] up" by 30 months. *Id.* Moreland appealed.

II[1]

Moreland argues that the District Court (1) imposed a procedurally and substantively unreasonable sentence, and (2) violated Moreland's due process rights by excluding evidence from his mitigation specialist. Neither argument has merit.

A

Moreland did not object after the District Court imposed his sentence, so we review its procedural and substantive reasonableness for plain error. Under that standard, Moreland must show that "(1) an error occurred, (2) the error [was] plain, and (3) it affect[ed] substantial rights"—that is, it "affected the outcome of the district court proceedings." *United States v. Payano*, 930 F.3d 186, 192 (3d Cir. 2019) (internal quotation marks and quoted source omitted). If Moreland establishes all three elements, we may exercise our discretion to award relief only if the error "seriously affect[ed] the fairness, integrity[,] or public reputation of judicial proceedings." *Id.* (internal quotation marks and quoted source omitted).

In imposing a sentence, courts must follow certain procedures. In part, they must "calculate [the] defendant's Guidelines sentence" and then "exercise[] [their] discretion by considering the relevant [sentencing] factors" under 18 U.S.C. § 3553(a). *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (second and third alterations in original) (internal quotation marks and quoted source omitted). In considering the relevant factors, courts must "respond to any properly presented sentencing argument

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

which has colorable legal merit and a factual basis." *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc) (internal quotation marks and quoted source omitted). "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

Here, Moreland argues that the District Court failed to properly calculate his guidelines range because it "did not recite the [range]" "at the beginning of the sentencing hearing." Opening Br. at 8. It is true that the District Court did not calculate Moreland's guidelines range at the beginning of sentencing. In fact, it did not do so before determining that 240 months' imprisonment was "still" a "good sentence[]." App. 140. That constitutes error. *See United States v. Wise*, 515 F.3d 207, 216 (3d Cir. 2018) ("As *Gall* [*v. United States*, 552 U.S. 38, 49 (2007)] makes clear, a district court must *begin* the [sentencing] process by correctly calculating the applicable Guidelines range." (emphasis added)). However, the error did not "affect[] the outcome" of Moreland's proceedings. *Payano*, 930 F.3d at 192 (internal quotation marks and quoted source omitted). After the government corrected the District Court's confusion about the guidelines range, the District Court concluded that it would simply "vary[] up" Moreland's sentence by 30 months. App. 142. Thus, once the District Court recognized its error, nothing changed: Moreland was still sentenced to 240 months' imprisonment. *See United States v. Raia*, 993 F.3d 185, 195 (3d Cir. 2021) ("[W]e may be sure that a

Guidelines miscalculation is harmless where the district court explicitly states that it would have imposed the same sentence even under the correct Guidelines range.").

In addition, Moreland argues that the District Court failed to "adequately explain [its] sentence." Opening Br. at 10. We find no error here, let alone one that was plain. The District Court considered many factors under § 3553(a) in imposing its sentence, including (1) "the nature . . . of the offense," *see* App. 140 (describing the offense as "horrific"), (2) "the need . . . to protect the public from further crimes of the defendant," *see* App. 142 (stating that he was still "very dangerous" and the "public[] [must be] protected"), and (3) "the . . . characteristics of the defendant," *see* App. 140 (stating that his crime "showed . . . what type of characteristics he possessed"). 18 U.S.C. § 3553(a). Thus, the District Court properly explained its sentence. *See United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007) ("A sentencing court need not make findings as to each factor if the record otherwise makes clear that the court took the factors into account.").

The District Court also responded to Moreland's arguments that had colorable legal merit. Moreland particularly stressed that he had been rehabilitated in prison. But the District Court questioned why the "evidence that [it] ha[d] reviewed" should "assure[] [it] that [he is] a better person." App. 141. That response was legally sufficient. *See United States v. Starnes*, 583 F.3d 196, 219 (3d Cir. 2009) (stating that "[g]iven the straightforward, conceptually simple arguments both defendants made at sentencing, . . . the District Court's statement of reasons in each case, though brief, was legally sufficient") (internal quotation marks and quoted source omitted).

6

Finally, Moreland argues that "no reasonable sentencing court . . . would have imposed a sentence of 240 months of incarceration." Opening Br. at 17. But again, we find no error. Based on the seriousness of Moreland's offense, his present danger to the public, and his lack of rehabilitation, the District Court's sentence was plainly reasonable. *See United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007) ("[A] district court's failure to give mitigating factors the weight a defendant contends they deserve [does not] render[] the sentence unreasonable.").

B

We review for abuse of discretion the District Court's decision to exclude the report and testimony from Moreland's mitigation specialist. *United States v. Olhovsky*, 562 F.3d 530, 543 (3d Cir. 2009). The District Court abused its discretion only if its decision was "arbitrary, fanciful[,] or clearly unreasonable," such that "no reasonable person would adopt [its] view." *Starnes*, 583 F.3d at 214 (internal quotation marks and quoted source omitted).

"[T]he introduction of evidence at sentencing is subject to a due process standard of reliability." *United States v. Paulino*, 996 F.2d 1541, 1547 (3d Cir. 1993) (citation omitted). A sentencing court is afforded broad discretion in determining what evidence to admit. *Id.* While the Federal Rules of Evidence do not apply at sentencing, the court must still follow a "threshold requirement for admissibility." *United States v. Miele*, 989 F.2d 659, 663 (3d Cir. 1993). The court must determine whether the evidence has "sufficient indicia of reliability to support its probable accuracy." *Id.* (internal quotation marks and quoted source omitted).

7

Here, the District Court acted well within its discretion to exclude the mitigation specialist's report and testimony. The specialist opined in her report that Moreland's ADHD led to his criminal behavior. However, the specialist admitted that she never conducted a "clinical evaluation" of Moreland and never saw any record of a "formal [ADHD] diagnosis." App. 57, 60. In addition, even assuming that Moreland was diagnosed with ADHD, the specialist—who was not a psychiatrist or psychologist— lacked the education and training to opine on the relationship between his diagnosis and criminal behavior. Based on these factors, the District Court was not clearly unreasonable in determining that the specialist's report and testimony did not have "sufficient indicia of reliability." *Miele*, 989 F.2d at 663 (internal quotation marks and quoted source omitted). Thus, the District Court did not violate Moreland's due process rights.

\* \* \*

The District Court did not plainly err in imposing Moreland's sentence. And it did not violate his due process rights by excluding evidence from his mitigation specialist. We will therefore affirm the District Court's judgment.